<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SPINIELLO COMPANIES | : | |
| Plaintiff, | : | **Civil Action No. 05-5075 (SRC)** |
| | : | |
| v. | : | **OPINION** |
| | : | |
| METRA INDUSTRIES, INC., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |

<u>**CHESLER**</u>, District Judge

  This matter comes before the Court on appeal (docket item # 37) by Defendants Metra

Industries, Inc. ("Metra Industries") and Gary Stivaly ("Mr. Stivaly") (or, collectively,

"Defendants") of the June 22, 2006 Order issued by the Honorable Tonianne J. Bongiovanni,

U.S.M.J. denying Defendants' motion to disqualify Plaintiff's attorney J. Michael Riordan and

the law firm with which he is employed.  Plaintiff Spiniello Companies and Counterclaim

Defendants Spiniello Companies, Emil Solimine, EMAR Group, Inc., Douglas Sanders, Joanna

Kern and Deye Trust have filed a "cross-appeal" asking that the Court amend or correct certain

statements made in the June 22, 2006 Opinion and Order (docket item # 44). The Court has

considered the papers submitted by the parties in support of and in response to this appeal and

cross-appeal.  For the reasons discussed below, Magistrate Judge Bongiovanni's June 22, 2006

Order is affirmed, and the cross-appeal is dismissed as moot.

I.    BACKGROUND

The Court relies on the Magistrate Judge's synopsis of the facts in this case, as set forth in Section I of the June 22, 2006 Memorandum Opinion and Order.  Rather than repeat those facts at length, this Court will highlight facts relating to the relationship between Mr. Riordan and the parties, which the Court considers to be central to its disposition of this appeal.

Spiniello Companies was formed by Emil Solimine and Gary Stivaly for the purpose of purchasing the assets of the bankrupt company known as Spiniello Construction.  Mr. Stivaly owned five percent of Spiniello Companies and served as its president from approximately 1998 or 1999 to May 2004.  Mr. Solimine owned the balance of Spiniello Companies.  Metra Industries, Inc. is a construction company owned and operated by Mr. Stivaly.

Spiniello Companies initiated a lawsuit in 1999 against certain prior employees of Spiniello Construction who had formed another company known as CEPS Construction while still employed at Spiniello Construction, alleging that those employees had diverted projects and revenue from Spiniello Construction to CEPS Construction.  (This lawsuit will be referred to as the "CEPS litigation.")   Spiniello Companies retained Mr. Riordan and the law firm with which he was affiliated at the time, Bressler, Amery & Ross, to represent it in the CEPS litigation.  (Mr. Riordan has subsequently left Bressler, Amery & Ross and joined the firm of Greenberg Traurig.) In the course of prosecuting the CEPS ligitation, Mr. Riordan had numerous communications with Mr. Stivaly, in his capacity as president of Mr. Riordan's client, Spiniello Companies. Neither Mr. Stivaly nor Metra Industries was a party to the CEPS litigation, and at the expense of redundancy, the Court notes that Mr. Riordan did not represent Mr. Stivaly or Metra Industries in the CEPS ligiation.  The CEPS litigation was settled in May 2002.

Metra Industries also retained the services of Mr. Riordan in two separate and concluded matters.  In 2001, Mr. Riordan prepared an employee confidentiality agreement for Metra Industries.  In 2003, Mr. Riordan represented Metra Industries in connection with a subpoena served by the United States Attorney's Office for information regarding payments made to the City of Newark for security, police and traffic services.   There is no indication that Mr. Riordan represented Mr. Stivaly individually in connection with either one of these matters.

The action at bar involves allegations by Spiniello Companies that, among other misconduct, Mr. Stivaly and Metra Industries diverted business opportunities away from Spiniello Companies, misappropriated its assets and converted its funds.  Defendants assert counterclaims alleging, among other things, that Mr. Solimine and others engaged in fraudulent conduct with the intent of depriving Mr. Stivaly of his ownership interest in Spiniello Companies under a joint venture agreement Defendants claim was entered into by Mr. Stivaly and Mr. Solimine.  Defendants claim that Mr. Solimine has failed to compensate Mr. Stivaly for his 50% interest in the "joint venture."  One of the principal issues of fact in the case is whether Mr. Solimine and Mr. Stivaly formed a contemplated 50/50 joint venture which would merge Metra Industries and Spiniello Companies into a new company owned by holding company EGS Holdings.

II.    DISCUSSION

A.    **Standard of Review**

The standard of review of a magistrate judge's decision depends upon whether the issue addressed was dispositive or non-dispositive.  Andrews v. Goodyear Tire & Rubber Co., 191 F.R.D. 59, 67 (D.N.J. 2000).  A district court may reverse a magistrate judge's determination of a non-dispositive issue only if it is "clearly erroneous or contrary to law."   28 U.S.C. § 636(b)(1)(A); see also Lithuanian Commerce Corp. v. Sara Lee Hosiery, 177 F.R.D. 205 (D.N.J. 1997).  A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Dome Petroleum Ltd. v. Employers Mutual Liabl. Ins. Co., 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).  Accordingly, the clearly erroneous standard of review will prohibit the reversal of the magistrate judge's determination "'even if the reviewing court could have decided the issue differently.'"  Cardona v. General Motors Corp., 942 F. Supp. 968, 971 (quoting Toth v. Alice Pearl, Inc., 158 F.R.D. 47, 50 (D.N.J. 1994)).  A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law.  Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 162, 164 (D.N.J. 1998).  The burden is on the party filing the notice of appeal to demonstrate that the magistrate judge's decision was clearly erroneous or contrary to law.  Cardona, 942 F.Supp. at 941.

Motions for the disqualification of counsel are treated as non-dispositive matters in this Court.  Andrews, 191 F.R.D. at 68.  Therefore, this Court will review the June 22, 2006 Order of

4

Magistrate Judge Bongiovanni for clear error or a decision contrary to the law.

**B.    Standard for Disqualification of Counsel**

This Court has held that "it is well settled that because motions to disqualify can have such drastic consequences, courts disfavor such motions and grant them only 'when absolutely necessary.'" Rohm and Hass Co. v. American Cyanimid Co., 187 F.Supp.2d 221, 226 (D.N.J. 2001) (quoting Alexander v. Primerica Holdings, Inc., 822 F.Supp. 1099, 1114 (D.N.J. 1993)); see also Carlyle Towers Condominium Ass'n v. Crossland Sav., FSB, 944 F.Supp. 341, 345 (D.N.J. 1996) (holding same).  The party seeking disqualification must satisfy a heavy burden of proof before a court will disqualify an attorney or law firm.  Id. at 226-27; see also Carlyle Towers Condominium Ass'n, 944 F.Supp. at 345.

**C.    Defendants' Appeal**

Defendants appeal Magistrate Judge Bongiovanni's order denying their motion to disqualify Mr. Riordan as counsel for Plaintiff and Counterclaim Defendants.  They maintain that the magistrate judge based her determination on clearly erroneous findings of fact with respect to the parties' past and present relationships to each other and to Mr. Riordan.  Defendants argue that, contrary to the magistrate judge's findings, conflicts of interest in violation of New Jersey Rules of Professional Conduct ("RPC") 1.7 and 1.9 exist, requiring the disqualification of Mr. Riordan, as well as the law firm with which he is currently affiliated by virtue of the conflict imputed by RPC 1.10.[1]  This Court will review the magistrate judge's findings under each rule in turn.

---

[1] Local Civil Rule 103.1 provides that "[t]he Rules of Professional Conduct of the American Bar Association as revised by the New Jersey Supreme Court shall govern the conduct of the members of the bar admitted to practice in this Court . . ."

5

### i.    RPC 1.7

RPC 1.7 prohibits a lawyer from representing a client if the representation involves a concurrent conflict of interest.  Defendants argue that a concurrent conflict of interest exists with regard to Mr. Riordan's representation of Spiniello Companies because he has maintained an ongoing relationship with Mr. Stivaly and Metra Industries.

The magistrate judge correctly concluded that no concurrent conflict of interest in violation of RPC 1.7 exists.  Her finding that Mr. Stivaly and Metra Industries are not current clients of Mr. Riordan is not "clearly erroneous" - the standard that must be satisfied for Defendants to prevail on their appeal.  In fact, no evidence in the record supports Defendants' contention that they are Mr. Riordan's current clients or that they have an ongoing attorney-client relationship.  Mr. Riordan's representation of Metra Industries in two discrete and concluded matters several years ago (in 2001 and again in 2003) does not indicate the existence of a current client relationship for purposes of RPC 1.7.  Cf. Manoir-Electroalloys Corp. v. Amalloy Corp., 711 F.Supp. 188, 149 (D.N.J. 1989) (finding that attorney's handling of numerous matters for an individual over many years, to the exclusion of other law firms, established current client relationship).  Thus, the magistrate judge's decision to deny Defendants' motion for disqualification based on RPC 1.7 will be affirmed.

### ii.    RPC 1.9

RPC 1.9 addresses conflicts arising out of an attorney's representation of a former client. It precludes an attorney from representing another client in the same or a substantially related matter in which that client's interests are materially adverse to the interests of the former client, unless the former client gives informed consent in writing.  RPC 1.9(a)(1).  It also precludes,

with some exceptions, an attorney from using information relating to the representation to the disadvantage of the former client.  RPC 1.9(a)(2).  Analysis under RPC 1.9, therefore, requires a court to determine as a threshold matter whether a party is a former client.  <u>Host Marriott Corp. v. Fast Food Operators, Inc.</u>, 891 F.Supp. 1002, 1007 (D.N.J. 1995).  Only once that fact has been established must the court go on to examine whether the moving party has proven that the matters are substantially related.  <u>Id.</u>

In this case, Defendants had argued below, and again argue on appeal, that Mr. Riordan must be disqualified because of his involvement in the CEPS litigation, which they contend was, like this lawsuit, an action involving alleged diversions of corporate opportunities in the specialized pipe lining and construction industries.  This Court, however, concludes that it need not examine whether the litigation at bar and the CEPS litigation are substantially related within the meaning of RPC 1.9, and holds that the court below correctly declined to address this question, because neither Mr. Stivaly nor Metra Industries were represented by Mr. Riordan in the CEPS litigation.  The magistrate judge's finding that no attorney-client relationship existed between Mr. Stivaly and/or Metra Industries and Mr. Riordan in the CEPS litigation was not clearly erroneous or contrary to law.

The magistrate judge correctly found, based on the evidence presented, that Spiniello Companies - and not its president Mr. Stivaly - was Mr. Riordan's client in the CEPS litigation and that Mr. Riordan's communications with Mr. Stivaly were conducted in the context of Mr. Stivaly's position as president of Spiniello Companies.  The magistrate judge concluded that this contact between Mr. Riordan and Mr. Stivaly, who was also president of Metra Industries, did not give rise to an attorney-client relationship between Mr. Riordan and Mr. Stivaly or between

Mr. Riordan and Metra Industries.  Mr. Stivaly's communications with Mr. Riordan, the court below reasoned, were for the benefit of Spiniello Companies, Mr. Riordan's client and Mr. Stivaly's employer.  This Court holds that those findings are supported by the record. Defendants have not presented any evidence to this Court that suggests that an attorney-client relationship existed between Mr. Stivaly and Mr. Riordan or between Metra Industries and Mr. Riordan with regard to the CEPS litigation.

Metra Industries, on the other hand, clearly is a former client of Mr. Riordan in connection with other matters.  The parties do not dispute that he aided in drafting an employee confidentiality agreement for Metra Industries in 2001 and represented it in connection with the 2003 subpoena served by the United States Attorney's Office for information regarding payments made to the City of Newark for security, police and traffic services.  The magistrate judge correctly found that these other matters were not substantially related to the matter at bar.  Again, Defendants have not presented any evidence that demonstrates that the magistrate judge's findings were clearly erroneous.

Thus, this Court agrees with the magistrate judge's determination that no conflict of interest under RPC 1.9 exists and affirms her denial of Defendant's motion to disqualify Mr. Riordan on this basis.

### iii.    RPC 1.10

RPC 1.10 provides that the conflict of interest under RPC 1.7 or RPC 1.9 of any attorney associated in a firm will be imputed to the entire firm, thus barring the firm and any of its attorneys from representation of the client from whom the conflict arises.  Because this Court has concluded that the magistrate judge correctly found no conflicts to exist under RPC 1.7 and RPC

1.9, it likewise affirms the magistrate judge's ruling that Greenberg Traurig, the firm with which Mr. Riordan is currently affiliated, is not disqualified from representing Plaintiff and Counterclaim Defendants.

**iv.    RPC 3.7**

Although Defendants' motion to disqualify Mr. Riordan was based in part on RPC 3.7, which prohibits representation by an attorney who is likely to be a necessary witness at trial, Defendants did not appeal the magistrate judge's ruling on this ground.  As the issue has not been raised to this Court or briefed by Defendants, the Court will not review this portion of the magistrate judge's decision.

**D.    Plaintiff's and Counterclaim Defendants' Cross-Appeal**

Some of the confusion regarding the magistrate judge's determination that no conflict arises out of Mr. Riordan's representation of Spiniello Companies appears to stem from the references throughout the June 22, 2006 Opinion, to the formation by Mr. Solimine and Mr. Stivaly of a "joint venture" to purchase the assets of Spiniello Construction Company.  This characterization has led Defendants to argue that Riordan has a conflict of interest because he formerly represented two "joint venturers" or "business partners" and has now improperly chosen the side of one principal against another.  The Court rejects this argument for the reasons discussed above.  In short, Riordan did not represent Mr. Stivaly or Mr. Solimine individually, but rather represented Spiniello Companies, his current client in this case.  He has not "taken sides" or violated any loyalty or duty he would owe to Mr. Stivaly as a former client because, quite simply, Mr. Stivaly was never his client.

9

The usage of the term "joint venture" in the magistrate judge's opinion has also led Plaintiff and Counterclaim Defendants to file this cross-appeal, in which they have asked that the Court correct this and other alleged misstatements for fear that the magistrate judge's recitation of facts have preclusive effect on the parties as they litigate this action. As set forth above, Mr. Stivaly and Mr. Solimine created the entity known as Spiniello Companies for the purpose of acquiring Spiniello Construction Company. The parties seem to be in agreement regarding this fact. What they do not agree on is whether Mr. Stivaly and Mr. Solimine actually formalized what they contemplated to be a joint venture. Clearly, whether a joint venture was in fact formed by the parties is one of the critical issues of fact in this case, as Defendants have asserted a counterclaim for breach of the joint venture agreement. Plaintiff and Counterclaim Defendants have expressed concern, to this Court and to the magistrate judge in a separate motion they filed asking her to amend the June 22, 2006 Opinion, that these references to a joint venture will constitute binding findings of fact and therefore impact the merits of the case.

Their concerns are, however, moot, because during the pendency of this cross-appeal the magistrate judge adjudicated the separate motion to amend the opinion. Judge Bongiovanni stated clearly on the record of oral argument on that motion that she did not make any findings of fact or conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure in her opinion denying the motion to disqualify Mr. Riordan as counsel. (Tr. of Motion To Amend 5:19-21, 19:6-7, August 17, 2004.) The use of the term "joint venture," moreover, had no bearing on the ultimate disposition of the motion to disqualify, because the decision rested on Magistrate Judge Bongionvanni's correct finding that Mr. Riordan represented Spiniello Companies and not Mr. Stivaly individually.

Therefore, the cross-appeal to amend the June 22, 2006 opinion and order is dismissed as moot.

## IV.   CONCLUSION

Having reviewed the parties' submissions both to this Court and to the magistrate judge, the magistrate judge's June 22, 2006 Opinion and Order, and the transcript of oral argument before the magistrate judge on August 17, 2006, this Court affirms the Magistrate Judge Bongiovanni's June 22, 2006 Order and dismisses the cross-appeal filed by Plaintiff and Counterclaim Defendants as moot.  An appropriate form of order will be filed together with this Opinion.

s/ Stanley R. Chesler
_____   _____
STANLEY R. CHESLER
United States District Judge

DATED: October 6, 2006